UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOSHUA BRADLEY, SR.,** | CASE NO. 1:18 CV 1531 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| **CITY OF CLEVELAND HEIGHTS,** | |
| Defendant. | |

This case is before the Court on the Complaint of *pro se* Plaintiff Joshua Bradley against the City of Cleveland Heights[1] (Doc. # 1). Also before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. # 2); that Motion is granted. For the reasons that follow, this case is dismissed.

**A. Background**

Plaintiff alleges that on June 12, 2018, Cleveland Heights Police Officer Javon Jackson ("Jackson") threatened and intimidated him in an effort to scare him into coming to the police station. Plaintiff contacted Cleveland Heights Police Chief Annette Mecklenburg ("Mecklenburg") regarding Jackson's behavior and requested Jackson's birth date in order to obtain a protective order against him, but Mecklenburg declined to provide that information.

---

[1] The Complaint also refers to employees of the City as defendants.

According to the Complaint, the information requested by Plaintiff was ultimately provided.

On these facts, Plaintiff brings claims for: (1) intentional infliction of emotional distress, (2) public nuisance, and (3) menacing (Doc. # 1 at 4-6). Plaintiff seeks the following relief: (1) that the Court overturn Judge Russo's denial of a protective order, (2) a handwritten apology from Jackson, and (3) compensation for severe emotional distress (*id*. at 7).

**B. Standard of Review**

*Pro se* pleadings are held to a less stringent standards than pleadings drafted by lawyers, and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). That said, federal district courts are expressly required by 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint "'must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678).

**C. Analysis**

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have "only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Id.*; *Hudson v. Coleman*, 141 (6th

Cir. 2003) ("[F]ederal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute[.]") (citation omitted).

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*" *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009) (citation omitted). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citation omitted).

Generally speaking, the Constitution and Congress have provided the federal courts with the authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### 1. Federal question

Federal question jurisdiction under 28 U.S.C. § 1331 arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Plaintiff identifies federal question as the basis of this Court's jurisdiction and describes the nature of his suit as "other personal injury" (Doc. # 1-5).

However, Plaintiff does not claim any violation of federal law or constitutional right, or reference a federal cause of action. Even liberally construing the Complaint "to encompass any allegation stating federal relief," the Court is unable to discern a federal claim on the face of the

Complaint.[2] *Franklin v. Rose,* 765 F.2d 82, 85 (6 th Cir. 1985) (internal quotation marks and citation omitted). Thus, subject matter jurisdiction in this case is not based upon a federal question, and the Court lacks jurisdiction over this case pursuant to 28 U.S.C. § 1331.

### 2. Diversity of citizenship

Nor does diversity of citizenship exist in this case. Federal jurisdiction based upon diversity of citizenship is found in cases between "citizens of different states" where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must show that he is a citizen of one state and all of the defendants are citizens of other states. A person's citizenship for purposes of diversity jurisdiction is the state where he is domiciled. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990).

Here, Plaintiff lists his address as Cleveland, Ohio. Plaintiff does not expressly identify the citizenship of the City of Cleveland Heights, Jackson, or Mecklenberg. But the City of Cleveland Heights, Ohio is obviously based in the State of Ohio, and Jackson and Mecklenburg are employees of the City. The Complaint as written, therefore, suggests that Plaintiff and the defendants are all citizens of Ohio. Thus, subject matter jurisdiction in this case is not based upon diversity of citizenship, and the Court lacks jurisdiction over this case pursuant to 28 U.S.C. § 1332.

---

[2] Plaintiff's claims of intentional infliction of mental distress, menacing, and nuisance appear to be claims brought under the laws of the State of Ohio.

**D. Conclusion**

For all of the foregoing reasons, the Court finds that it does not have subject matter jurisdiction over this action under either § 1331 or § 1332. Accordingly, the Court lacks authority to consider Plaintiff's claims, and this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

    **IT IS SO ORDERED**.

                                     *s/Dan Aaron Polster     12/21/2018*
                                       **DAN AARON POLSTER**
                                       **UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.